UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DARREN JOHNSON**, <br><br> Plaintiff, <br><br> vs. <br><br> **MOSS, BAILEY, and NAGY**, <br><br> Defendants. | 2:21-CV-10247-TGB-EAS <br><br> **OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYING THE FILING FEE AND SUMMARILY DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(G)** |

Plaintiff Darren Johnson, a state prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint in the United States District Court for the Western District of Michigan naming five defendants, and an application to proceed in forma pauperis. ECF Nos. 1, 3. United States District Judge Hala Y. Jarbou dismissed two defendants and transferred the case to this district because venue is proper here. ECF No. 4, PageID.122. Judge Jarbou did not decide Plaintiff's application to proceed in forma pauperis. *Id*.

Plaintiff has three "strikes" under 28 U.S.C. § 1915(g) and fails to show that he is in imminent danger of serious physical injury. The Court will deny the motion and dismiss the case without prejudice.

## I. BACKGROUND

Plaintiff is incarcerated at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan. ECF No. 1, PageID.1. Defendants are employed by the Michigan Department of Corrections ("MDOC") at JCF. Moss is a lieutenant, Nagy is the warden, and Bailey is an assistant deputy warden. *Id.* at PageID.2.

Plaintiff alleges that defendants placed him at substantial risk of serious harm because they knowingly exposed him to COVID-19 by housing him with inmates who tested positive for the virus. *Id.* at PageID.9-10. Plaintiff states that he previously contracted the COVID-19 virus (he does not specify when he contracted the virus) and alleges that he faces a higher risk of a negative outcome if he contracts COVID-19 a second time. *Id.* at PageID.8. Plaintiff sues the defendants in their personal and official capacities for declaratory, monetary, and injunctive relief. *Id.* at PageID.2, 10-11.

## II. DISCUSSION

Plaintiff seeks to proceed in forma pauperis, that is, without prepaying the filing fee that would ordinarily be required. The Prison Litigation Reform Act of 1995 ("PLRA") states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1131-38 (6th Cir.

1997). Section 1915 provides prisoners the opportunity to make an initial partial filing fee and pay the remainder in installments. *See Bruce v. Samuels*, 577 U.S. 82, 85-86 (2016). Under the PLRA, a prisoner may not proceed in forma pauperis where, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999). A prisoner may avoid such a "three-strikes" dismissal by alleging facts showing that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has had three cases dismissed for being frivolous, malicious, or for failing to state a claim upon which relief could be granted and so has accrued three strikes. *See Johnson v. Quist*, No. 2:12-cv-11907, 2012 WL 2824176 at *2 (E.D. Mich. July 10, 2012)(Edmunds, J.)(finding Plaintiff's claims frivolous and summarily dismissing case); *Johnson v. Kuehne*, No. 2:12-cv-12878, 2012 WL 3113200 at *3 (E.D. Mich. July 31, 2012)(Hood, J.)(finding that Plaintiff failed to state a claim upon which relief could be granted and dismissing case); *Johnson v. Harrison*, No. 2:12-cv-12543, 2012 WL 3149111 at *2 (E.D. Mich. Aug. 2, 2012)(Roberts, J.)(finding Plaintiff's claims frivolous and summarily dismissing case). Plaintiff has subsequently been denied leave to proceed in forma pauperis a number of times because he has accumulated three

strikes. *See Johnson v. Unknown Serminski, et al.*, No. 22-CV-10660, 2022 WL 1138026 (E.D. Mich. Apr. 18, 2022)(Leitman, J.); *Johnson v. Coffelt, et al.*, No. 2:21-CV-12675-GAD (E.D. Mich. Nov. 30, 2021)(Drain, J.); *Johnson v. Kalat*, No. 2:21-CV-10085, 2021 WL 1720835 (E.D. Mich. Apr. 30, 2021)(Berg, J.); *Johnson v. Brown*, No. 1:20-CV-434, 2020 WL 2781658 (W.D. Mich. May 29, 2020); *Johnson v. Hoober et al.*, No. 1:18-cv-855 (W.D. Mich. Aug. 10, 2018); *Johnson v. Pallas et al.*, No. 1:17-cv-1016 (W.D. Mich. Dec. 5, 2017); *Johnson v. Miller*, No. 1:17-cv-884, 2017 WL 4784406 (W.D. Mich. Oct. 24, 2017); *Johnson v. Mark,* No. 2:17-cv-10232 (E.D. Mich. Jan. 27, 2017)(Friedman, J.); *Johnson v. Kinder*, No. 2:16-cv-12698 (E.D. Mich. Aug. 23, 2016)(Friedman, J.); *Johnson v. Hulet*, No. 1:13-cv-837 (W.D. Mich. Aug. 15, 2013).

Plaintiff can overcome the three-strikes provision only by alleging facts showing that he is under imminent danger of a serious physical injury. To satisfy the imminent-danger exception, a prisoner must allege "facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013)(alteration in original, citation and internal marks omitted).

Plaintiff claims that he is in imminent danger of serious illness or death from COVID-19 because he suffers from multiple medical

4

conditions. This is not the first time Plaintiff has filed a complaint under § 1983 asserting the same COIVD-19-related imminent danger claim. In two earlier cases, Plaintiff was denied leave to proceed in forma pauperis because he had three strikes and it was held that Plaintiff's concerns about COVID-19 were too speculative to satisfy the imminent-danger exception to the three-strikes rule. *See Johnson v. Kalat, et al.*, No. 2:21-cv-10085-TGB (E.D. Mich. April 30, 2021)(Berg, J.); *Johnson v. Nagy, et al.*, No. 2:21-cv-10213-SFC (E.D. Mich. March 12, 2021)(Cox, C.J.). The COVID-19 vaccine is now readily available, Plaintiff does not allege that he was prevented from receiving the vaccine, and he states that he already contracted and recovered from the virus. *See United States v. Sweet*, No. 21-1477, 2021 WL 5371402 at *3 (6th Cir. 2021) (explaining that risks of COVID-19 were "significantly reduced" because the inmate at issue "had previously contracted (and recovered) from the virus"). *Cf. United States v. Lemons,* 15 F.4th 747, 751 (6th Cir. 2021)("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction," even if the defendant has a serious medical condition.). In addition, as of May 16, 2022, there were no active COVID-19 cases at JCF, the prison facility where Plaintiff is incarcerated. *See* MDOC Response and Information on COVID-19, https://www.michigan.gov/corrections/covid-

5

19 [https://perma.cc/29E7-VYVT] (last updated May 16, 2022). As in his previous cases, Plaintiff's concern about the COVID-19 virus is too speculative to constitute imminent danger. *Taylor v. Washington*, No. 2:20-cv-174, 2020 WL 5887248, at *6 (W.D. Mich. Oct. 5, 2020) ("[S]peculation about the mere possibility that [a plaintiff] will become infected by the virus does not constitute imminent danger.").

### III. CONCLUSION

The Court **DENIES** Plaintiff's application for leave to proceed in forma pauperis. ECF No. 3. The Court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff filing a new complaint with payment of the filing fee.

**SO ORDERED**.

Dated: May 25, 2022          s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE