UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DARREN JOHNSON**, <br><br> Plaintiff, <br><br> vs. <br><br> **MOSS, BAILEY, and NAGY**, <br><br> Defendants. | 2:21-CV-10247-TGB-EAS <br> HON. TERRENCE G. BERG <br><br><br> **OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT (ECF NO. 13)** |

Plaintiff Darren Johnson, a state prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint in the United States District Court for the Western District of Michigan naming five defendants, and an application to proceed in forma pauperis. ECF Nos. 1, 3. United States District Judge Hala Y. Jarbou dismissed two defendants and transferred the case to this district. Transfer Order, ECF No. 4, PageID.122.

This Court entered an order (ECF No. 10) denying Plaintiff leave to proceed without prepaying the typically-required fees and costs, because Plaintiff had three "strikes" under 28 U.S.C. § 1915(g) and had failed to show that he was in imminent danger of serious physical injury. Plaintiff filed a notice of appeal (ECF No. 11) with respect to that order, and also moved to alter or amend the judgment (ECF No.

13).[1] Plaintiff's motion to alter or amend the judgment will be denied.

## DISCUSSION

As explained in the Court's prior order, a prisoner may not proceed in forma pauperis where, on three or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g). Only if the prisoner alleges facts showing that he "is under imminent danger of serious physical injury" may he avoid the "three strikes" rule. *Id.* As the Court explained, Plaintiff has had three cases dismissed for being frivolous, malicious, or for failing to state a claim upon which relief could be granted and so has accrued three strikes. ECF No. 10, PageID.13-14.

Therefore, the Court rejected Plaintiff Johnson's argument that he was in imminent danger of serious illness or death from COVID-19 for several reasons. First, in two earlier cases, Plaintiff was denied leave to proceed in forma pauperis because he had three strikes and it was held

---

[1] Although Plaintiff has also filed a notice of appeal, that notice does not become effective under Federal Rule of Appellate Procedure 4(a)(4)(B)(i) and 4(a)(4)(A)(iv) until Plaintiff's motion to alter or amend the judgment is resolved. *See Slep-Tone Ent. Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 712, 716 (6th Cir. 2015) (holding that Sixth Circuit lacked jurisdiction over "ineffective" notice of appeal where the district court had not yet resolved post-judgment motion under Federal Rule of Appellate Procedure 4(a)(4)).

that Plaintiff's concerns about COVID-19 were too speculative to satisfy the imminent-danger exception. *See Johnson v. Kalat, et al.*, No. 21-10085 (E.D. Mich. April 30, 2021) (Berg, J.); *Johnson v. Nagy, et al.*, No. 21-10213 (E.D. Mich. March 12, 2021) (Cox, C.J.).

Second, the COVID-19 vaccine is now readily available and was so at the time Plaintiff filed his complaint, Plaintiff did not allege that he was prevented from receiving the vaccine, and Plaintiff stated that he already contracted and recovered from the virus without significant complications. *See United States v. Sweet*, No. 21-1477, 2021 WL 5371402 at *3 (6th Cir. 2021) (explaining that risks of COVID-19 were "significantly reduced" because the inmate at issue "had previously contracted (and recovered) from the virus"); *United States v. Lemons,* 15 F.4th 747, 751 (6th Cir. 2021) ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction," even if the defendant has a serious medical condition.). The Court concluded that Plaintiff Johnson's claims about COVID-19-related imminent danger were too speculative to justify relief. ECF No. 10, PageID.15-16.

Plaintiff Johnson now requests that the Court alter or amend the previously-entered judgment. ECF No. 13. Plaintiff Johnson points to *Vandiver v. Prison Health Servs.*, 727 F.3d 580 (6th Cir. 2013), and

argues that under that case, he is only required to *allege* that he is in imminent danger, not "affirmatively prove those allegations" at this early stage of litigation. *Id.* at 585. While that is a correct statement of the law, it is incomplete. Under *Vandiver*, a plaintiff must allege facts "from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that a plaintiff was under imminent danger when he filed his complaint. *Id.*

In its prior order, the Court did not hold Plaintiff Johnson to an improperly high standard, and did not dismiss Johnson's claims because he had not proved them. Instead, the Court concluded that Plaintiff Johnson had not alleged sufficient facts that, even if accepted as true, would have allowed the Court to draw the reasonable inference that Johnson was in imminent danger. Accordingly, the Court will not modify the previously-imposed judgment.

## CONCLUSION

The Court **DENIES** Plaintiff's motion (ECF No. 13) to alter or amend the judgment.

**SO ORDERED**.

Dated: November 8, 2022　　　　　s/Terrence G. Berg
　　　　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE